## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **NADER AFGAN and**<br>**SHANAR NASSERIFAR**<br>13 Stapleford Hall Court<br>Potomac, MD 20854<br><br>*Plaintiffs*,<br><br>v.<br><br>**MARCO G, LLC**<br>47533 Hidden Cove Ct.<br>Sterling, VA 20165<br><br>**MARCO GONCALVES**<br>47533 Hidden Cove Ct.<br>Sterling, VA 20165<br><br>**MARLUCE MARIA GONCALVES**<br>47533 Hidden Cove Ct.<br>Sterling, VA 20165<br><br>**MARCELO BATISTA GONCALVES**<br>1311 Breton Dr.<br>Sykesville, MD 21784<br><br>**MARCIA M. ROCHA**<br>47533 Hidden Cove Ct.<br>Sterling, VA 20165<br><br>*Defendants*. | **CIVIL ACTION NO. 1:25-cv-2452**<br><br><br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiffs Nader Afgan and Shanar Nasserifar ("Plaintiffs") bring this Complaint against

Defendants Marco G, LLC, Marco Goncalves, Marluce Maria Goncalves, Marcelo Batista

Goncalves, and Marcia M. Rocha (collectively, "Defendants") to redress severe financial and

emotional damages arising from Defendants' criminal activities, fraudulent misrepresentations,

gross negligence, and unlawful business practices. This action arises from Defendants concerted

enterprise to defraud Plaintiffs, stemming from Defendant Marco Goncalves's fraudulent scheme of holding himself out as a licensed "Senior Architect" to induce Plaintiffs, and likely others that are similarly situated, to enter into a contract for a large-scale home renovation, which resulted in catastrophic project failures, extensive property damage, and life-threatening safety hazards. Plaintiffs bring this action against Defendants for damages arising out of violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et. seq.*, Maryland Consumer Protection Act, Md. Code, Com. Law § 13-301, *et seq.,* and common law claims including Fraud, Breach of Contract, Professional Negligence, and Unjust Enrichment.

## THE PARTIES

1.      Plaintiff Nader Afgan is an individual and a citizen of the State of Maryland, residing at 13 Stapleford Hall Court, Potomac, MD 20854.

2.      Plaintiff Shanar Nasserifar is an individual and a citizen of the State of Maryland, residing at 13 Stapleford Hall Court, Potomac, MD 20854.

3.      Plaintiffs Nader Afgan and Shanar Nasserifar are husband and wife.

4.      At all times relevant herein, Defendants operated as an associated-in-fact enterprise (the "Enterprise") engaged in the practice of providing purported architectural and construction services across multiple jurisdictions while systematically misrepresenting their professional qualifications and credentials.

5.      The Enterprise was comprised of the following individuals and entities, each with distinct but coordinated roles in the fraudulent scheme:

a.      Defendant Marco G, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its registered office at 47533 Hidden Cove Ct., Sterling, VA 20165. Marco G, LLC markets itself as an

2

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

"international design company" with a "strong portfolio of high-end residential and commercial buildings, including notable projects for the Brazilian Air Force Commission, the Brazilian Army Commission, and the Brazilian Attaché," while boasting many projects through Washington, D.C., Maryland, and Virginia.[1] It serves as the business vehicle and primary payment collection entity for the Enterprise. Despite holding itself out as an architectural firm, Marco G. LLC, is not registered as a professional LLC under Virginia law, nor does it have any history of licensure with the Virginia Department of Professional & Occupational Regulation. During the relevant times of this dispute, Marco G, LLC was cancelled or otherwise Not in Good Standing with the Commonwealth of Virginia State Corporation Commission.[2]

b.    Marco Goncalves is a citizen of the Commonwealth of Virginia, and sole member of Marco G, LLC. Upon information and belief, Marco G, LLC is the alter ego of Defendant Marco Goncalves, who dominated and controlled the entity to such an extent that it had no separate identity, and was used as an instrumentality to perpetrate criminal activity, namely fraud, upon the Plaintiffs.

c.    Defendant Marco Goncalves is a citizen of the Commonwealth of Virginia, residing at 47533 Hidden Cove Ct., Sterling, VA 20165. According to the Enterprise's website and social media, Defendant Goncalves held himself out to Plaintiffs as a "Senior Architect," "Architect Associate," and CEO of "Marco G. Architects," despite holding no architectural licenses within the relevant jurisdictions and was the principal actor

---

[1] Ex. A, *Projects*, MARCO G. ARCHITECTS, https://www.marcogarchitects.com/services, (last visited December 22, 2025) (screenshot).

[2] Ex. B, March 25, 2025, Virginia SCC Order of Reinstatement. Marco G. LLC was cancelled September 30, 2022, and not reinstated until March 25, 2025

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

orchestrating the fraudulent conduct and substandard work at the heart of this dispute.[3] Upon information and belief, Defendant Marco Goncalves is a citizen of the Federative Republic of Brazil.

d.      Defendant Marluce Maria Goncalves is a citizen of the Commonwealth of Virginia, residing at 47533 Hidden Cove Ct., Sterling, VA 20165. According to the Enterprise's website and social media, Defendant Marluce Maria Goncalves was held out as a "Senior Manager," "partner," and possessing a "law degree," in the Enterprise and, responsible for "overseeing the development of marketing materials and managing all legal matters for the company."[4] Upon information and belief, Defendant Marluce Maria Goncalves is a citizen of the Federative Republic of Brazil.

e.      Defendant Marcelo Batista Goncalves is a citizen of the State of Maryland, residing at 1311 Breton Drive, Sykesville, MD 21784. According to the Marco G, LLC website and social media, Defendant Marcelo Batista Goncalves was held out as the "Financial Manager" and a "partner" in the Enterprise responsible for "financial estimates and all financial aspects of the business."[5] Upon information and belief, Defendant Marcelo Batista Goncalves is a citizen of the Federative Republic of Brazil.

f.      Upon information and belief, Defendant Marcia M. Rocha is a citizen of Virginia residing at 47533 Hidden Cove Ct., Sterling, VA 20165. According to the Enterprise's website and social media, Defendant Rocha was held out as a "Senior Interior Designer" and a "partner" in the Enterprise and with "extensive international experience"

---

[3] Ex. C. *Team*, MARCO G. ARCHITECTS, https://www.marcogarchitects.com/team (last visited December 22, 2025) (screenshot).
[4] Id.
[5] Id.

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

in home design.[6] Upon information and belief, Defendant Marcia M. Rocha is a citizen of the Federative Republic of Brazil.

6.      According to the Enterprise's website, Defendants "joined as partners in 2018" when Marco founded the current iteration of the business, demonstrating coordinated timing and unified purpose in establishing the fraudulent scheme. Upon information and belief, the individual defendants are also members of the same family.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under 18 U.S.C. § 1961. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 as they arise out of the same operative facts as the claims for which this Court has original jurisdiction.

8.      This Court has personal jurisdiction over all Defendants because they are either residents of Virginia or have conducted substantial and continuous business within the Commonwealth of Virginia as part of a common enterprise, and the claims asserted herein arise directly from those contacts.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). Several Defendants, including Marco Goncalves and Marco G, LLC, reside and maintain their principal place of business in this district. Furthermore, a substantial part of the events and omissions giving rise to Plaintiffs' claims, including the orchestration of the fraudulent scheme, management of the enterprise, and dissemination of misrepresentations, occurred in this district.

## FACTUAL BACKGROUND

---

[6] Id.

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

10.     In or around late 2023, Plaintiffs Nader Afgan and Shanar Nasserifar* visited a friend's recently remodeled residence in Alexandria, Virginia. During that visit, the friend introduced Defendant Marco Goncalves as the "architect" responsible for the design and construction of the project. Impressed by the scale of the renovations, the quality of the finishes, and Defendant Goncalves's representations that he was a licensed architect, Plaintiffs decided to retain him to provide architectural services for their own home upon its purchase.

11.     In December 2023, Plaintiffs Nader Afgan and Shanar Nasserifar purchased their luxury family home located at 13 Stapleford Hall Court, Potomac, Maryland (the "Property").

12.     Shortly thereafter, Plaintiffs retained Defendant Marco Goncalves to design and oversee a large-scale renovation of the Property.

**<u>Defendants' Intentional Fraudulent Misrepresentations and Inducement</u>**

13.     Defendants, operating through the Enterprise's website, www.marcogarchitects.com, and associated social media accounts, held Defendant Marco Gonclaves out to Plaintiffs and the public as a "Senior Architect" and the CEO of "Marco G. Architects," which he described as an "International Design Company" providing "architectural, interior design, and construction services."[7]

14.     On the Enterprise website and in other materials, Defendants represented that "Marco G. Architects has a strong portfolio of high-end residential and commercial buildings," with the intent to create a false impression of a legitimate, experienced, and professionally licensed architectural firm. The Enterprise consistently operates under the fictitious name "Marco G. Architects," directly implying a licensed architectural practice despite not being incorporated as a professional corporation, not employing a licensed architect from any state, and not holding an

---

[7] *See* Ex. D, *About the Company*, MARCO G. ARCHITECTS, https://www.marcogarchitects.com/about, (last visited December 22, 2025) (screenshot).

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

architecture license from the Virginia Department of Professional & Occupational Regulation. The Enterprise lists its business address as "6201 Swords Way Northwest Washington #7 Bethesda, MD 20814" while operating through the Virginia LLC, Marco G, LLC.

15.    Marluce Maria Goncalves is responsible for overseeing the Enterprise's website, social media, and marketing materials for the Enterprise. The website, social media, and other marketing materials are created and disseminated with the specific intent to defraud potential clients by creating the appearance of legitimacy of the Enterprise.

16.    On February 12, 2024, Defendant Marco Goncalves sent Plaintiffs a "Design Proposal" via email, further cementing the Enterprise's intent to defraud Plaintiffs by describing his proposed services as the creation of "architectural drawings."[8]

17.    In reasonable and direct reliance on these material representations that Defendant Marco Goncalves was a licensed and credentialed architect capable of providing professional architectural services, Plaintiffs agreed to engage the Enterprise for their renovation project.

18.    In truth, Defendant Marco Goncalves's representations were false. Upon information and belief, Defendant Marco Goncalves is not, and has never been, a licensed architect in the State of Maryland, the Commonwealth of Virginia, or the District of Columbia.[9]

19.    Furthermore, upon information and belief, "Marco G. Architects" is a fictitious trade name and is not registered as a legal business entity in Maryland, Virginia, or the District of Columbia. It exists only as a facade to further the Enterprise's criminally fraudulent scheme.

---

[8] Ex. E, February 12, 2024, Email.
[9] Reviews of the Maryland Department of Labor, Virginia Department of Professional and Occupational Regulation, and the District of Columbia Department of Licensing and Consumer Protection databases confirm that no individual named Marco Goncalves exists within their respective jurisdictions' architectural licensing records.

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

**The Architectural Design Contract and Expanding Scope of the Project**

20.    In or around February 2024, Plaintiffs and Defendant Marco Goncalves, acting on behalf of the Enterprise, executed the Design Service document (the "Contract").[10]

21.    The Contract, for a fee of $18,000, explicitly promised the delivery of professional architectural services, including the "Creation of new Proposed Layout," "Architectural Drawings and Details," "Construction documents," and, critically, "Permit acquisition (If needed)."

22.    Architectural drawings subsequently provided by Defendants were signed by Marco Goncalves with the title "Architect Associate," a further material and fraudulent misrepresentation of his credentials.[11]

23.    While Plaintiffs' initial inquiry was for a renovation of the kitchen and living room, Defendant Marco Goncalves used his feigned expertise on May 23, 2024, to persuade Plaintiffs to dramatically expand the project's scope to a massive, full-house renovation encompassing the main level, second level, basement, pool house, and exterior facades.

24.    In reliance on Defendants' purported expertise, Plaintiffs agreed to the expanded scope, for which the Enterprise, through Defendant Marco Goncalves, provided estimates totaling hundreds of thousands of dollars, including a "Grand Total Final" estimate of $322,477.85 for the first phase alone.[12] These estimates included designs created by Defendant Marcia M. Rocha and financial estimates calculated by Defendant Marcelo Batista Goncalves. These acts were done with the intent to further defraud Plaintiffs, who ultimately expended between $750,000 and $800,000 total made in numerous payments over months, on materials and contractor labor for the project.

---

[10] *See* Ex. F, Design Service Proposal.
[11] *See* Ex. G, Architectural Drawings provided by Defendant Marco Goncalves.
[12] *See* Ex. H, Phase One Estimate.

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

25.    The Enterprise collected payments from Maryland clients through the Virginia entity Defendant Marco G, LLC, with payment instructions directing funds to "Marco Goncalves/ Marco G, LLC" located at "47533 Hidden Cove Court, Sterling, VA 20165," a clear signal that Defendant Marco G, LLC is merely a cover for the defendants and the alter ego for Defendant Marco Goncalves.

26.    Throughout the project period from February 2024 through December 2024, Defendant Marco Goncalves maintained continuous interstate communications with Maryland clients through email and phone, and accepted interstate wire payments.

**A Catastrophic Timeline of Defective Work and Life-Threatening Hazards**

27.    The renovation commenced in mid-March 2024, with an expected completion by late summer or early fall 2024.

28.    Throughout the project, the Enterprise engaged unqualified, unlicensed, and incompetent individuals to perform critical structural, electrical, and plumbing work, leading to systemic and dangerous failures throughout the Property.

29.    Defendant Marluce Maria Goncalves, as the Enterprise's legal expert, was required to pull the necessary permits; she failed to do so.

30.    Further, the project was plagued by severe delays. By December 2024, when Plaintiffs moved into the home, the project was far from complete, and the Property was in a state of disarray, riddled with serious defects and life-threatening conditions, including, but not limited to:

a.    **Structural and Fire Safety Hazards:** A newly installed chimney was improperly and dangerously attached directly to combustible drywall instead of being properly encased in masonry, creating a severe fire risk. A newly built structural addition

9

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

was found to be sinking and cracking due to grossly improper framing that lacked necessary plywood and structural support. The stone masonry of the chimney was not secured, making it prone to falling over.

b.    **Electrical Hazards:** Upon moving in, Plaintiffs discovered numerous instances of live, uncapped, and exposed electrical wires throughout their home, creating an immediate and life-threatening risk of electrocution and fire, particularly to their young child. On at least one occasion, Plaintiff Nader Afgan was electrocuted from one such exposed wire.

c.    **Plumbing Failures:** Multiple showers in the newly renovated bathrooms were non-functional, with loose temperature control knobs that delivered only scalding hot or freezing cold water, rendering them unusable and unsafe. Additionally, drains were not properly connected to plumbing, and this resulted in flooding into the basement-area. No waterproofing was placed behind the newly installed showers, resulting in extensive damage from leaks within the wall.

d.    **Substandard and Damaged Finishes:** Expensive, high-end materials and new appliances were systematically damaged or improperly installed. Custom German cabinets were ruined, newly installed hardwood floors and appliances were severely scratched and improperly installed resulting in severe expansion, and drywall was installed so unevenly that it requires complete replacement.

31.    In a flagrant breach of the Contract and in violation of state and local law, Defendants failed to acquire any of the necessary permits for the substantial electrical, plumbing, and structural work performed at the Property.

10

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

**Defective Flooring and Expert Confirmation of Negligence**

32.    In August 2024, as part of the renovation, Plaintiffs purchased new hardwood flooring at a material cost of $35,887.69, which Defendants' contractors subsequently installed.

33.    After moving in and removing protective coverings in December 2024, Plaintiffs discovered the new flooring was failing, with "prominent saw-tooth gaps" appearing throughout the main level.

34.    Plaintiffs retained a certified flooring expert, Mark Brown of Carpet Arts Inspection Service, who inspected the flooring on May 14, 2025.

35.    Mr. Brown's expert report concluded that the flooring failure was due to "panelization," a condition caused by the shrinkage of the subfloor. This shrinkage occurred because the subfloor had gained significant moisture while the home's HVAC system was left off during construction and then dried out rapidly after the flooring was installed over it.[13]

36.    Mr. Brown's report unequivocally places responsibility on Defendants as the installer, stating that Defendants were "ultimately responsible for ensuring the environmental conditions are controlled before installing the flooring," and confirming, "the installation was done in an environment that was not controlled."

**The Corporate Shell Game and Alter Ego Liability**

37.    Throughout the project, Defendant Marco Goncalves operated a shell game to obfuscate liability. While making all professional representations and providing materials under the fictitious name "Marco G. Architects," the Contract and payment requests directed Plaintiffs to make all payments to Defendant Marco G, LLC.

---

[13] *See* Ex. I, March 14, 2025, Mark Brown Inspection Report.

11

38.     Upon information and belief, Marco G, LLC is a mere instrumentality and the alter ego of Defendant Marco Goncalves. It was grossly undercapitalized, failed to observe corporate formalities, and was dominated and controlled by Defendant Marco Goncalves to such an extent that it had no separate identity, serving only as a vehicle to perpetrate fraud and injustice upon the Plaintiffs and shield Defendant Marco Goncalves from personal liability. Additionally, Defendant Marco Goncalves confessed to Plaintiff Nader Afgan that he did not secure insurance for this project. Upon information and belief, Defendant Marco G. LLC and the named Defendants did not possess liability insurance, while performing numerous acts requiring the guidance of a licensed professional.

39.     Upon information and belief, Defendant Marco Goncalves has a history of operating through various corporate entities that have since become inactive or forfeited, including "Euro Design Solutions, LLC," a name that appears in the copyright notice on the fraudulent architectural drawings provided to Plaintiffs[14] and is listed as the "sister company" to Marco G. LLC on the home page of the Enterprise website.[15]

40.     As a direct and proximate result of Defendants' intentional pervasive fraud, gross negligence, and contractual breaches, the entire multi-hundred-thousand-dollar renovation project is a complete and catastrophic failure. Plaintiffs have been advised by a subsequent, competent contractor that the whole project has to be redone. Further, upon initial inspection by newly contracted licensed electricians, several live and uncapped wires were found embedded in the walls.

---

[14] Ex. G. An entity named "Euro Design Solutions, LLC" has been inactive in Virgina since December 31, 2013. An entity named "Euro Design Solutions, LLC" was forfeited in Maryland as of October 2, 2023. Upon information and belief, "Euro Design Solutions, LLC" has never been registered in the District of Columbia.
[15] Ex. J, MARCO G. ARCHITECTS, https://www.marcogarchitects.com (last visited December 22, 2025) (screenshot).

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

41.  Plaintiffs' total financial losses, including all payments made for the project and the extensive costs required to remediate the widespread damage and completely redo the renovation, are estimated to be more than $1,000,000.

42.  This ordeal has caused Plaintiffs and their family significant emotional distress, anxiety, and disruption, turning the promise of their dream home into a dangerous, uninhabitable, and costly nightmare.

## CLAIMS FOR RELIEF

**COUNT I**
**VIOLATIONS OF**
**THE RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT**
**(Against All Defendants)**
**(18 U.S.C. §§ 1961 *et. seq.*)**

43.  Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

44.  The Enterprise operated through coordinated family member roles with Defendant Marluce Maria Goncalves handling marketing and legal matters that promoted Defendant Marco Goncalves' false credentials as an Architect, Defendant Marcelo Batista Goncalves managed financial operations that supported the fraudulent billing, and Defendant Marcia M. Rocha expanded service offerings to enhance apparent legitimacy.

45.  The Enterprise maintains ongoing operations across Virginia, Maryland, and Washington D.C., with its website and social media accounts remaining active as of December 2025, continuing to promote false architectural credentials to potential clients. The Enterprise's systematic misrepresentation spans from 2018 business formation through present day, demonstrating both closed-ended continuity through extended duration and open-ended continuity through ongoing operations threatening future violations.

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

46. The Enterprise's fraudulent scheme extends beyond Plaintiffs, as evidenced by the Enterprise's website claims of "a strong portfolio of high-end residential and commercial buildings" and references to work through the Washington, D.C., Maryland, and Virginia area, suggesting a pattern of misrepresenting architectural credentials to multiple clients over an extended period.

47. Each interstate wire communication promoted Marco's false architectural credentials, each contract execution promised licensed services, but failed to provide the same, and each payment collection constituted a separate predicate act of wire fraud under 18 U.S.C. § 1343, creating a pattern of racketeering activity spanning multiple years and jurisdictions.

48. Defendants agreed that Marco Goncalves would serve as the primary face of the architectural fraud scheme while the other Defendants would provide essential support:

a. Marluce Goncalves agreed to manage marketing materials promoting the fraudulent credentials and handle legal matters;

b. Marcelo Goncalves agreed to manage financial operations and estimates supporting the fraudulent billing;

c. Marcia Rocha agreed to provide interior design services to expand the Enterprise's apparent legitimacy; and

d. All Defendants agreed to present themselves as "partners" in the legitimate architectural firm "Marco G. Architects."

49. Each Defendant knew of and agreed to the overall objective of the RICO conspiracy, as evidenced by:

a. Their coordinated roles in the family enterprise beginning in 2018;

14

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

b.     Their shared participation in promoting Defendant Marco Goncalves'

fraudulent credentials through marketing materials with the intent to defraud clients;

c.     Their collective benefit from the fraudulent scheme's proceeds; and

d.     Their continued participation despite the obvious lack of proper

architectural licensing.

**COUNT II**
**FRAUD**
**(Against All Defendants)**

50.     Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth

herein.

51.     Defendants, acting individually and as a common enterprise, made numerous false

representations of material fact to Plaintiffs. These false representations include, but are not limited

to:

a.     That Defendant Marco Goncalves was a licensed "Senior Architect" and

"Architect Associate";

b.     That "Marco G. Architects" was a legitimate, established architectural firm

with a portfolio of high-end projects;

c.     That Defendants possessed the requisite skill, licensure, and competence to

perform professional architectural design, construction management, and related services

for a large-scale luxury home renovation;

d.     That Defendants would obtain the necessary permits for all structural,

electrical, and plumbing work as required by the Contract and by law.

52.     These representations were false, and Defendants knew they were false at the time

they were made, or they made them with reckless indifference to the truth. Defendant Marco

15

Goncalves was not and is not a licensed architect in Maryland or Virginia, and "Marco G. Architects" is a fictitious entity.

53. Defendants made these false representations for the purpose of defrauding Plaintiffs and inducing them to enter into the Contract and to pay Defendants substantial sums of money.

54. Plaintiffs reasonably and justifiably relied upon Defendants' fraudulent misrepresentations when they entered into the Contract and authorized the extensive and costly renovation project.

55. Upon information and belief, Defendant Marco G, LLC is the alter ego of Defendant Marco Goncalves, who dominated and controlled the entity to such a degree that it had no separate existence and was used as an instrument to perpetrate fraud and injustice, thereby justifying piercing the corporate veil to hold Marco Goncalves personally liable.

56. Upon information and belief, Defendants Marluce Maria Goncalves, Marcelo Batista Goncalves, and Marcia M. Rocha knowingly participated in, facilitated, and benefited from this criminally fraudulent enterprise.

57. As a direct and proximate result of their reliance on Defendants' fraudulent conduct, Plaintiffs have suffered significant damages, including but not limited to the loss of all funds paid to Defendants and their contractors, the substantial cost to demolish the defective work and rebuild their home, diminution in property value, and severe emotional distress, in an amount to be proven at trial but estimated to be no less than $2,000,000.

58. Defendants' actions were willful, wanton, and malicious, entitling Plaintiffs to an award of punitive damages.

16

**COUNT III**
**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**
**(Against All Defendants)**
**(Md. Code, Com. Law § 13-301, et seq.)**

59.    Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

60.    At all relevant times, Plaintiffs were "consumers" and the architectural design and construction services offered and sold by Defendants were "consumer services" as defined by the Maryland Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law § 13-101.

61.    In the course of offering and providing services to Plaintiffs, Defendants engaged in unfair and deceptive trade practices prohibited by CPA § 13-301, including:

a.    Making false and misleading oral and written statements that had the capacity, tendency, or effect of deceiving Plaintiffs, in violation of § 13-301(1), by representing that Marco Goncalves was a licensed architect and that "Marco G. Architects" was a legitimate firm;

b.    Failing to state material facts, the omission of which deceived or tended to deceive Plaintiffs, in violation of § 13-301(3), by failing to disclose that Marco Goncalves was not a licensed architect and was legally unable to perform the services promised; and

c.    Engaging in deception, fraud, false pretenses, and misrepresentation with the intent that Plaintiffs would rely on them, in violation of § 13-301(9).

62.    As a direct and proximate result of Defendants' deceptive trade practices, Plaintiffs suffered actual injury and damages, including all funds paid in connection with the project and the costs to repair the extensive damage, in an amount to be proven at trial but estimated to be no less than $1,000,000.

17

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

63.     Plaintiffs are entitled to recover their actual damages, attorneys' fees, and other relief as provided by the CPA.

## COUNT IV
## BREACH OF CONTRACT
### (Against Defendants Marco Goncalves and Marco G, LLC)

64.     Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

65.     On or about February 19, 2024, Plaintiffs entered into a valid and enforceable contract (the "Contract") with Defendants Marco Goncalves and Marco G, LLC, whereby Defendants agreed to provide professional architectural design and related services in exchange for payment.

66.     Plaintiffs performed all of their obligations under the Contract.

67.     Defendants materially breached the Contract by, among other things:

a.     Failing to provide the services of a licensed architect as explicitly and implicitly promised;

b.     Failing to obtain the necessary permits for the renovation work in violation of state law and the express terms of the Contract;

c.     Failing to perform the design and oversight services in a good and workmanlike manner;

d.     Failing to provide a property free of severe structural defects and life-threatening safety hazards; and

e.     Fundamentally failing to deliver architectural documents and a completed project that complied with applicable laws, building codes, and professional standards.

68.     As a direct and proximate result of Defendants' material breaches of the Contract, Plaintiffs have suffered damages, including the payments made under the contract and the costs

18

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

required to remediate Defendants' defective work and complete the project correctly, in an amount to be proven at trial but estimated to be no less than $2,000,000.

**COUNT V**
**NEGLIGENCE AND PROFESSIONAL MALPRACTICE**
**(Against Defendants Marco Goncalves and Marco G, LLC)**

69.     Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

70.     By holding themselves out as professional architects, designers, and construction managers, Defendants Marco Goncalves and Marco G, LLC owed Plaintiffs a duty to exercise the degree of skill, care, and diligence ordinarily possessed and exercised by members of that profession.

71.     Defendants breached this duty of care by, among other things:

a.     Performing and/or overseeing design and construction work without the required professional licenses;

b.     Creating design plans that were structurally unsound and in violation of applicable building codes;

c.     Failing to properly supervise the construction, leading to catastrophic defects, including improper framing, hazardous electrical wiring, and fire risks;

d.     Hiring and retaining incompetent and unlicensed contractors;

e.     Failing to ensure a controlled job site environment, leading directly to the failure of over $80,000 in new hardwood flooring, including materials and labor; and

f.     Failing to obtain legally required permits for the work.

72.     As a direct and proximate result of Defendants' professional negligence and malpractice, Plaintiffs have suffered extensive property damage and financial losses, including the

19

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

entire cost of the failed renovation and the cost to demolish and rebuild, in an amount to be proven at trial but estimated to be no less than $2,000,000.

**COUNT VI**
**BREACH OF IMPLIED WARRANTIES**
**(Against Defendants Marco Goncalves and Marco G, LLC)**
**(Maryland Real Property Article § 10-203)**

73.    Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

74.    The extensive structural, electrical, and plumbing work performed by Defendants constitutes a "new improvement" to real property under Maryland law.

75.    Pursuant to Maryland Real Property Article § 10-203, Defendants, as the builders of the new improvement, implicitly warranted to Plaintiffs that the work would be: (1) free from faulty materials; (2) constructed according to sound engineering standards; (3) constructed in a workmanlike manner; and (4) fit for habitation.

76.    Defendants breached these implied warranties by delivering a project that was riddled with defects, including but not limited to:

a.    A sinking and cracking structure due to improper framing, which violates sound engineering standards;

b.    Improperly installed chimney and exposed live electrical wires, rendering the home unfit for habitation;

c.    Failed hardwood flooring, non-functional plumbing, and damaged cabinetry, which demonstrate a failure to perform in a workmanlike manner; and

d.    Use of unqualified labor and creation of numerous defects, indicating the work was not free from faulty materials and workmanship.

20

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

77.    As a direct and proximate result of Defendants' breach of implied warranties, Plaintiffs have suffered damages, including the cost to repair and replace the defective improvements, in an amount to be proven at trial.

## COUNT VII
### UNJUST ENRICHMENT
**(In the Alternative, Against All Defendants)**

78.    Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

79.    In the event the Contract is deemed unenforceable or void, Plaintiffs plead this count in the alternative.

80.    Plaintiffs conferred a substantial benefit upon all Defendants by making payments for the renovation project totaling hundreds of thousands of dollars for labor and materials.

81.    Defendants knew of and appreciated the benefit conferred upon them by Plaintiffs.

82.    Under the circumstances, where Defendants procured these benefits through fraudulent misrepresentation and provided services that were not only worthless but destructive, it would be inequitable and against good conscience to permit Defendants to retain these benefits.

83.    Plaintiffs are entitled to restitution and disgorgement of all funds paid to or for the benefit of Defendants.

## COUNT VIII
### DECLARATORY JUDGMENT
**(In the Alternative, Voiding of Contract)**

84.    Plaintiffs incorporate by reference paragraphs 1 through 39 as if fully set forth herein.

85.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiffs seek a declaration of their rights regarding the Contract. An actual and justiciable controversy exists between Plaintiffs and Defendants as to the validity and enforceability of the Contract.

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

86.     The Contract is one for the provision of professional architectural services in Maryland. Under the Maryland Code, Business Occupations and Professions Article, it is unlawful for an individual to practice or offer to practice architecture in Maryland without a license.

87.     The Contract was procured by Defendant Goncalves's fraudulent and illegal misrepresentation that he was a licensed architect. The performance of the Contract's central purpose—the provision of architectural services—by an unlicensed individual is illegal and violates the public policy of Maryland, which is designed to protect the public from incompetent and unqualified practitioners.

88.     Accordingly, Plaintiffs request that the Court enter a declaratory judgment that the Contract is illegal, void *ab initio*, and wholly unenforceable.

## COUNT IX
## INTENTIONAL MISREPRESENTATION
### (As to All Defendants)

89.     Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

90.     Defendants agreed that Marco Goncalves would serve as the primary face of the architectural fraud scheme while the other Defendants would provide essential support:

    a.     Marluce Goncalves agreed to manage marketing materials promoting the fraudulent credentials and handle legal matters;

    b.     Marcelo Goncalves agreed to manage financial operations and estimates supporting the fraudulent billing;

    c.     Marcia Rocha agreed to provide interior design services to expand the Enterprise's apparent legitimacy; and

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

91.   All Defendants agreed to present themselves as "partners" in the legitimate architectural firm "Marco G. Architects."

92.   Defendants made false assertions to Plaintiffs, including:

a.   That Defendant Marco Goncalves was a licensed "Senior Architect" and "Architect Associate";

b.   That "Marco G. Architects" was a legitimate, established architectural firm with a portfolio of high-end projects;

c.   That Defendants possessed the requisite skill, licensure, and competence to perform professional architectural design, construction management, and related services for a large-scale luxury home renovation;

d.   That Defendants would obtain the necessary permits for all structural, electrical, and plumbing work as required by the Contract and by law.

93.   Defendants knew that these assertions were false when they were made.

94.   Defendants made these false assertions to defraud Plaintiffs by encouraging Plaintiffs to contract with them for professional services.

95.   Plaintiffs justifiably relied upon those false assertions when contracting with Defendants to perform architectural and design work on the Property.

96.   As a direct and proximate result of Defendants' intentional misrepresentation, Plaintiffs have suffered extensive property damage and financial losses, including the entire cost of the failed renovation and the cost to demolish and rebuild, in an amount to be proven at trial but estimated to be no less than $2,000,000.

**COUNT X**
**NEGLIGENT MISREPRESENTATION**
**(In the Alternative, As to All Defendants)**

23

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

97.     Plaintiffs incorporate by reference paragraphs 1 through 42 as if fully set forth herein.

98.     Defendants owed a duty of care to Plaintiff. This duty required accurately representing their licensure and skillset as required to provide the contracted services at the Property.

99.     Defendants were negligent in their assertions of their capabilities to perform the contracted work, their credentials to do the work, and their performance of that work.

100.    Defendants intended for Plaintiffs to rely upon their assertions so that Plaintiffs would contract with Defendants to perform work on the Property. Defendants knew that if those assertions were incorrect, Plaintiffs would be damaged.

101.    Plaintiff's justifiably relied upon Defendants' assertions when contracting them to perform work on the Property.

102.    As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs have suffered extensive property damage and financial losses, including the entire cost of the failed renovation and the cost to demolish and rebuild, in an amount to be proven at trial but estimated to be no less than $2,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Nader Afgan and Shanar Nasserifar respectfully request that this Court enter a judgment in their favor and against Defendants Marco Goncalves, Marco G, LLC, Marluce Maria Goncalves, Marcelo Batista Goncalves, and Marcia M. Rocha, jointly and severally, for the following relief:

24

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

A.   A declaration that the acts, omissions, and practices of Defendants complained of herein constitute violations of the Maryland Consumer Protection Act, and common law duties sounding in fraud, breach of contract, and negligence;

B.   An award of compensatory and consequential damages in an amount to be determined at trial, but in no event less than $2,000,000, to make Plaintiffs whole for all losses proximately caused by Defendants' wrongful conduct, including but not limited to the costs:

1.   To demolish and remove all defective work,

2.   To remediate the widespread damage to the Property;

3.   To correctly complete the entire renovation; and

4.   To replace all damaged and ruined materials, fixtures, and appliances, including the cost of the failed flooring installation of $80,000.

C.   An award of punitive damages in a substantial amount sufficient to punish Defendants for their fraudulent, willful, wanton, and malicious conduct and to deter similar conduct in the future;

D.   In the alternative, a declaration that the Contract for architectural services is illegal, void *ab initio*, and unenforceable as a matter of law and public policy;

E.   Restitution and disgorgement of all funds and benefits Plaintiffs conferred upon Defendants, in an amount to be proven at trial;

F.   An award of treble damages as provided by the Racketeering Influenced and Corrupt Organizations Act;

G.   An award of Plaintiffs' reasonable attorneys' fees and the full costs of this litigation, as provided by the Racketeering Influenced and Corrupt Organizations Act, Maryland Consumer Protection Act and other applicable law;

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc

H.  An award of pre-judgment and post-judgment interest at the maximum rate permitted by law; and

I.  Such other and further relief as the Court deems necessary, just, and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all claims and issues in this action so triable.

Respectfully submitted,
*/s/ Francisco E. Mundaca*
Francisco E. Mundaca, Esq.
(Virginia Bar No. 96073)
THE MUNDACA LAW FIRM, LLC
1997 Annapolis Exchange Pkwy, Suite 300
Annapolis, MD 21401
Main Line: (202) 474-8500
Direct Line: (240) 931-3038
Email: fmundaca@mundacalaw.com

*Counsel for Plaintiffs,*
*Nader Afgan and Shanar Nasserifar*

**<u>VERIFICATION</u>**

We, Nader Afgan and Shanar Nasserifar, the Plaintiff's in the above-captioned action, affirm and verify that we have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, we believe them to be true.

|  | 12 / 23 / 2025 |
|---|---|

Nader Afgan,
Plaintiff

|  | 12 / 23 / 2025 |
|---|---|

Shanar Nasserifar,
Plaintiff

26

Doc ID: 29ef108b4968a3a8e7d71b867ec03ed36afae4bc